WINDSOR MANUF'G CO. (STEAM CUTTER CO. v.). See Case No. 13,332.

WINDSOR MANUF'G CO. (STEAM STONE-CUTTER CO. v.). See Cases Nos. 13,335 and 13,336.

WING (DWIGHT v.). See Case No. 4,219.

WING (OLCOTT v.). See Case No. 10,481.

## Case No. 17,869.

### WING v. RICHARDSON.

[2 Fish. Pat. Cas. 535; [1] 2 Cliff. 449.]

Circuit Court, D. Massachusetts. May Term, 1865.

PATENTS FOR INVENTIONS—PRESUMPTIONS—TIME OF INVENTION—PLATE HOLDER FOR CAMERAS.

1. The presumption, arising from the letters patent, that the patentee was the original and first inventor, in the absence of the application for the patent, extends back only to the date of the letters patent, and in no case does it extend further back than to the time of the filing of the original application.

2. Whenever a party desires to show that his invention was made prior to the date of his application for the patent, he must prove the fact by other sufficient evidence, because no such presumption arises from the letters patent, or the application, or both combined.

3. Letters patent to Albert S. Southworth, dated April 10, 1855, and reissued September 25, 1860, for a plate holder for cameras, examined and sustained.

[Cited in Ormsbee v. Wood, Case No. 10,579.]

4. The reissued patent is for the same invention as that described in the original patent.

5. The date of the patentee's invention was the latter part of 1847 or the spring of 1848, when the improvement was reduced to practice as an operative machine.

6. The patent is not for a principle or a result, but for the means described for accomplishing the result.

This was a bill in equity, filed to restrain the defendant [Charles F. Richardson] from infringing letters patent for a "plate holder for cameras," granted to Albert S. Southworth, April 10, 1855, reissued September 25, 1860, and assigned to plaintiff [Simon Wing].

The plate holder, as described in substance by the patentee, consists of a stationary casing, containing a zinc plate in front of the daguerreotype plate, provided with a square opening C equal to one-fourth of the latter plate. The hollow square space within the casing is of proper dimensions, so that when the frame holding the daguerreotype plate is successively slid into the four corners of said hollow space, the parts 1, 2, 3, 4 of the plate will be successively exhibited opposite the opening, ready to receive the picture. The plate holder is brought into said four positions by moving a square knob into the four corners of an opening in the rear part of the casing. This motion can be made so quickly that the four pictures can be taken without covering the aperture of the camera from first to last. The object of this arrangement

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

is to obtain rapidly a succession of pictures, timing them differently in order to select the best, and also to take stereoscopic pictures with one camera.

The claim was as follows: "The within-described plate holder, in combination with the frame in which it moves, constructed and operating in the manner and for the purpose substantially as herein set forth."

The claim of the reissue was as follows: "I claim bringing the different portions of a single plate, or several smaller plates, successively into the field of the lens of the camera, substantially in the manner and for the purpose specified."

Chauncey Smith and B. R. Curtis, for complainant.

W. A. Herrick and J. F. Redfield, for defendant.

CLIFFORD, Circuit Justice. This is a bill in equity for the alleged infringement of certain letters patent. Complainant is the assignee of the letters patent. Invention in question was made by Albert S. Southworth, and letters patent were duly granted to him for the same April 10, 1855. Description of the invention as therein set forth was, that it was a new and useful plate holder for cameras; but it is alleged that the description was defective, and on that account the patentee was allowed to surrender the original letters patent, and new letters patent were issued to him September 25, 1860, on an amended specification for the same invention. Present suit is founded upon the reissued letters patent, and the complainant, as the assignee of the same under certain mesne conveyances, alleges that the respondent, at North Bridgewater, in this district, on December 18, 1863, infringed the same. Wherefore he prays for an account and for an injunction.

Several defenses are set up in the answer, but the one principally relied on at the argument consists in a denial that the patentee is the original and first inventor of the improvement described in the letters patent. Letters patent are granted by the government under authority of law; and when regularly issued, and in the usual form, they are, if introduced in the case, prima facie evidence that the person named as such was the original and first inventor of what he has described therein as his improvement. Such presumption, however, in the absence of the application for the patent, extends back only to the date of the letters patent, and in no case does it extend further back than to the time of the filing of the original application. Whenever a party desires to show that his invention was made prior to the date of his application for the patent. he must prove the fact by other sufficient evidence, because no such presumption arises from the letters patent, or the application, or both combined. Specification of the reissued letters patent de-

scribes the invention as certain improvements in taking photographic impressions as therein described. Separate plates, as the inventor represents, had previously been used for each impression, and, consequently, where several impressions were to be taken, as in multiplying copies, it became necessary that the plate should, at each impression, be removed and replaced by another. Effect of those changes was to cause delay and inconvenience. Object of this invention is to remedy that difficulty, and it consists, as the patentee states, in bringing successively different portions of the same plate, or several small plates in one plate holder into the field of the lens of the camera. Practical operation of the machine is that it brings different portions of the same plate or several smaller plates secured in one plate holder into the axis of the focus of the lens, so that several impressions may be made on the same plate with equal correctness. Claim of the reissued patent is the "bringing the different portions of a single plate, or several smaller plates, successively into the field of the lens of the camera," substantially in the manner and for the purpose set forth in the specification. Patentee states that in carrying out his invention he makes use, as the preferred method, of a peculiarly-arranged frame, in which the plate holder is permitted to slide, but in which its position is so definitely indicated that the operator can quickly and accurately adjust the plate or plates to effect the described result. Decided preference is given to that arrangement, but the patentee states that his improvement may be embodied by causing the lens of the camera to be made adjustable in different positions with respect to the plate, so that different portions of the plate, although it remains stationary, may be successively brought into the field of the lens. One of the experts describes the invention embodied in the patent as a mechanism so organized that a lens may be properly focused with regard to different plates, or different parts of the same plate, without removing the plate from the mechanism until as many impressions are made as may be desired, and it is not perceived that the description is too broad if the definition be limited to the particular means set forth in the specification. Doubt can not be entertained that the invention is one of merit, and it is equally clear that the patentee, whether the first inventor or not, was the actual inventor of his improvement. and that, in making it, he borrowed nothing from any of the devices set up in the defense. Nothing of that kind is pretended; but it is insisted that the evidence shows as matter of fact that an apparatus substantially the same had been constructed and reduced to practice by one or more persons at a prior date. so that the patentee is not the original and first inventor of his alleged improvement. Patentee gave the directions for making his first model, or machine, in August. 1846, and it was made and sent to him at Boston in November follow-

ing. Design of the camera then constructed was that it should slide in the frame so as to make successive pictures in the axis of the focus of the lens, but a frame was never actually adapted to that machine. Statement of the patentee is explicit that it was designed to operate in either of the modes pointed out in the specification of the reissued patent, but the frame was never made, and, consequently, was never so used. He also states that he constructed another machine for the same purpose, in the year following, which was used in taking pictures for seven or eight years. Principle was the same, but instead of moving the frame, the apparatus was so constructed that it moved the lens over the plate, being, in fact, the same arrangement suggested in the patent on which the suit was founded. The reasons given by the patentee, why he reduced the second form of his invention to practice, before he adapted a frame to the first machine, was that the first would be expensive, and that the second required fewer changes in the old apparatus, and could be perfected and put in operation at much less expense, as he could use his old camera and old frame. Belief of the witness is that he completed that machine in 1847, but he states positively that he used it early in the spring of 1848, and that it was a completed machine. His recollection is distinct that he completed it here, in this city, before he went to California, and that he commenced preparations to go there in the winter of that year.

Suffice it to say, without reproducing more of the testimony, that the invention held by the complainant is shown not only to have been made as early as the latter part of 1848, or the first part of the year 1849, but that the same was reduced to practice, as an operative machine. Respondent does not controvert the position that the patent, if it be valid, covers the two methods described in the specification. Both undoubtedly were invented by the patentee, and they are clearly embraced in his claim. Such are the views of the experts, and such is the legal construction of the patent.

2. Infringement is clearly proved, and the allegation in that behalf is scarcely denied. Regarding the evidence as plenary upon that point, it does not seem to be necessary to say more upon the subject.

3. Reissued patent in this case is for the same invention as that described in the original patent, and therefore is not affected by the cases cited in that behalf by the respondent.

4. Abandonment is not proved. On the contrary, the reasons assigned for the delay which ensued before the application for the patent was presented are satisfactory, and they show that there is no unexplained want of diligence in perfecting the invention.

5. Patent of the complainant is not for a principle or result but for the means described for accomplishing the result, and, conse-quently, is valid notwithstanding that objection.

6. Evidence offered by respondent to show that others had made similar machines prior to the date of the invention in question is not satisfactory. Recollections of Marcus A. Root, after the lapse of sixteen years, are quite too indistinct and uncertain to set up a lost machine to defeat a valuable improvement and deprive a meritorious inventor of the fruits of his toil and labor. Care should be observed in investigations of this nature to guard the public against a growing propensity on the part of patentees to expand their patents beyond what they ever invented, and at the same time to protect them against the equally unjust claims of pretentious persons who always stand ready to prove that they are the real inventors of what has been patented to another. Neither have any merit, and both should be discouraged. Dates stagger a good memory, even when the inquiry has respect to recent events; but, after the lapse of sixteen years, under the circumstances of this case, I do not think it safe to rely upon the unsupported statements of this witness. They are too uncertain, inconsistent, and contradictory. Statements of Philip Haas are no better, but in fact are less reliable. He contradicts himself, is contradicted by the circumstances, and by the testimony of the other witnesses in the case. Attempt is made to support his statements by the testimony of Enos B. Foster, but it can hardly be said to have that effect. When he went into the employment of the other witness he was but fifteen years of age, and they both admit that the alleged machine is lost. They do not attempt to testify to but one picture now in existence taken with that machine. Their statement is that it was lost in 1850, and they afford no reason to infer that any of its parts are in existence. Theory is that it was made by one Saxton, in 1840, under the directions of Philip Haas, and that it was stolen from the owner's place of business. But the proofs show that he never made another, and ever after used a machine constructed according to the old method. He gave a second deposition, and in that he states that he was mistaken; that it could not have been made as early as 1840, but thinks it was four years later. Complainant called a witness who worked for Philip Haas the latter part of 1846 and for the most part of 1847, and he states that he never saw any such machine in his shop, although he was an assistant operator, and had the fullest opportunity to see all the models or machines in the apartments. He had for eleven months, as he states, the general charge of all apparatus and material, and everything that pertained to the business of his employer, and it is sufficient to state that his statements are utterly inconsistent with the testimony of the principal witnesses for the respondent. In view of the whole evidence, I am of opinion that the respondent has not proved that the

patentee in this case was not the original and first inventor of the improvement described in his reissued letters patent. Having come to this conclusion upon the evidence, I do not find it necessary to determine the other questions of law discussed at the bar.

Decree for an account and injunction. Cause referred to a master to ascertain the amount of damages.

[For other cases involving this patent, see note to Ormsbee v. Wood, Case No. 10,579.]